# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-225 (DWF/BRT) |
| Plaintiff, | |
| v. | |
| Javonn T. Lewis (2), | **ORDER** |
| Defendant. | |

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

Shannon R. Elkins, Esq., Federal Public Defender, counsel for Defendant.

Defendant Javonn T. Lewis has filed various pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:[1]

**1.     Defendant's Pretrial Motion for Disclosure of 404 Evidence.** Defendant moves the Court for an order directing the Government to immediately disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence. The Government does not oppose this motion and agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than

---

[1]     A hearing was scheduled for April 17, 2019, but the hearing was canceled after the parties agreed that the motions could be resolved based on the written submissions. (Doc. No. 71.)

two weeks before trial. Therefore, Defendant's Pretrial Motion for Disclosure of 404 Evidence **(Doc. No. 65)** is **GRANTED**.

2. **Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves for an order compelling disclosure of evidence favorable to him pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government agrees to provide such information as it comes to light. Therefore, Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 66)** is **GRANTED**.

3. **Defendant's Pretrial Motion for Discovery and Inspection.** Defendant moves for an order requiring the Government to disclose requested and required discovery. *See* Fed. R. Crim. P. 12(b)(3); Fed. R. Crim. P. 16. The Government states that it will provide all Rule 16 discovery and believes it has already complied. Therefore, Defendant's Pretrial Motion for Discovery and Inspection **(Doc. No. 67)** is **GRANTED**.

4. **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government to submit Jencks Act materials at least two weeks prior to the testimony of each Government witness. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 68)** is **DENIED**. Nothing

2

in this Order, however, precludes the Government from providing Jencks Act material no later than two weeks before trial as it has represented it will do.

5. **Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts.** Defendant moves the Court for an order directing the Government to disclose the Reports of Examinations and Tests and any Expert Witnesses it intends to offer at trial. *See* Fed. R. Crim. P. 16(a)(1)(F)(i). Defendant states that Rule 16 requires more detailed discovery relating to DNA testing. Defendant further requests a written summary of the expert testimony the Government intends to use at trial. The Government does not oppose this motion and states that it will review and disclose all discoverable materials upon receipt. Therefore, Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts **(Doc. No. 69)** is **GRANTED**.

Date: April 17, 2019.

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge