# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal Nos. 18-225 (DWF/BRT), |
| | 19-137 (DWF) |
| Plaintiff, | |
| v. | |
| | **MEMORANDUM** |
| Javonn T. Lewis, | **OPINION AND ORDER** |
| Defendant. | |

Javonn T. Lewis, Defendant, *Pro se*.

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Javonn T. Lewis's ("Lewis") *pro se* motion for compassionate release in light of the COVID-19 pandemic.[1] (Doc. No. 139; Related Case Doc. No. 27, collectively, ("Motion").) The United States of America (the

---

[1] On June 15, 2020, Lewis filed a self-styled motion for compassionate release in Case No. 18-cr-225. (Doc. No. 139.) He filed the same motion in related Case No. 19-cr-137 ("Related Case"). (Doc. No. 27.) This Order applies to both filings. For the purposes of citation, the Court lists the document entry in Case No. 18-cr-225 first, followed by the docket entry in the Related Case.

"Government") opposes Lewis's Motion.[2] (Doc. No. 142; Related Case Doc. No. 29.) For the reasons discussed below, the Court respectfully denies Lewis's Motion.

## BACKGROUND

On May 22, 2019, Lewis pled guilty to Count 4 (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951 of a Superseding Indictment in the District of Minnesota ((Doc. No. 24), and to Count 1 of an indictment in the District of Nebraska (Related Case Doc. No. 2.) also charging him with Hobbs Act Robbery in violation of 18 U.S.C. § 1951.[3] (Doc. No. 81; Related Case Doc. No. 8 (collectively, "Plea Agreement"); *see also* Doc. No. 80; Related Case Doc. No. 7.) On October 8, 2019, this Court sentenced Lewis to 82 months' imprisonment followed by a 3-year term of supervised release.[4] (Doc. Nos. 122, 123; Related Case Doc. Nos. 23, 24.) Lewis is currently incarcerated at Greenville FCI in Illinois. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed August 21, 2020). According to the Bureau of Prisons ("BOP"), Lewis's release date is December 1, 2024. *Id.*

Lewis now moves for compassionate release in light of the COVID-19 pandemic. (Motion at 1.) He asserts that his immune system is compromised because of a

---

[2] Lewis's reply to the Government's opposition was due August 12, 2020; however, he did not respond. (*See* Doc. No. 140; Related Case Doc. No. 28.)

[3] Lewis waived his right to trial in the District of Nebraska and consented to the disposition of the Nebraska indictment in the District of Minnesota, pursuant to Rule 20 of the Federal Rules of Criminal Procedure. (Plea Agreement ¶ 1.)

[4] Lewis's sentence reflected three prior felonies. (*See* Doc. No. 94 ¶¶ 68-70, 104.)

"concerning liver issue."[5]  (*Id.*)  Lewis argues further that he has a release plan, he regrets the actions that led to his incarceration, and that his mother needs his assistance to care for his younger siblings.  (*Id.* at 2-3.)  He asks the Court to release him so that he may avoid the "medical jeopardy" imposed by COVID-19.  (*Id.* at 1.)

## DISCUSSION

**II.    Compassionate Release**

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that:  (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and

---

[5]     Lewis states that while he was informed of his liver issue after arriving at Greenville FCI, he has no additional information on his condition due to COVID-19.  (Motion at 1.)  He further asserts that while he does not understand the issue, it worries him.  (*Id.*)

(3) "the reduction is consistent with this policy statement."[6]  USSG § 1B1.13 ("Statement").  The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[7]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[8]  *Id.*

---

[6]     While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

[7]     The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia.  Statement at n.1(A)(i).

[8]     While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

The record does not reflect that Lewis has requested compassionate release from the warden at Greenville FCI.  (Doc. No. 56-6.)  Because Lewis has not exhausted his administrative remedies, the Court lacks jurisdiction to consider it.  Even if the Court could consider Lewis's Motion, though, the Court finds that it fails on the merits.

Specifically, the Court finds that Lewis's circumstances do not meet the demanding standard for compassionate release.  The Court understands that Lewis feels susceptible to COVID-19 because of his liver condition.  Notwithstanding, this Court agrees with others that a generalized fear is insufficiently extraordinary or compelling to warrant immediate release.  *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).  Lewis cites no underlying medical condition indicated by the Centers for Disease Control and Prevention ("CDC") that puts him at risk of severe infection from COVID-19 should he contract it.[9]  *See* CDC, People of Any Age with Underlying Medical Conditions, updated August 14, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 21, 2020).

The Statement clearly defines "extraordinary and compelling" medical conditions as those "which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover."  While the Court is sympathetic to

---

[9]    While the CDC states that chronic liver disease, such as cirrhosis, may increase a person's risk for severe illness should that person contract COVID-19, the record does not reflect that Lewis suffers from cirrhosis or any other chronic issue.  Moreover, Lewis does not indicate any other condition that makes him susceptible to severe infection.  (*See generally*, Motion.)

Lewis's concerns and his desire to return to his family, Lewis does present any condition that makes him uniquely vulnerable to COVID-19. The Court also notes that the BOP is taking active steps to mitigate the spread of the virus.[10] Moreover, Greenville FCI has just four inmates and eight staff persons who are currently positive for the virus, and one inmate and nine staff persons who have recovered  See Federal Burau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last accessed August 21, 2020). Accordingly, the Court finds no reason to believe that Greenville FCI is or will be unable to respond to Lewis's concerns.

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Lewis's concerns, the Court finds that the circumstances do not present an extraordinary and compelling reason to warrant release. Accordingly, the Court respectfully denies Lewis's Motion.[11]

---

[10]     Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accessed July 14, 2020). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (*Id.*) Current measures also include a 14-day isolation period, and limited group gatherings ("Plan"). *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed August 21, 2020). The BOP periodically updates its Plan and is currently in Phase IX.  BOP COVID-19 Action Plan Phase VII, https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf.  (last accessed August 21, 2020).

[11]     Because the Court lacks jurisdiction to consider Lewis's Motion, and because even if the Court could consider it, his Motion fails on the merits because he fails to present an "extraordinary and compelling" reason to warrant release, the Court need not consider the § 3553(a) factors or whether he poses danger to the safety of any other person or to the

6

## CONCLUSION

For the reasons set forth above, the Court finds that it lacks authority to consider Lewis's Motion because he has failed to exhaust his administrative remedies.  Even if the Court could consider Lewis's Motion, the Court finds that it fails on the merits because Lewis has not demonstrated an extraordinary and compelling reason to warrant release.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Javonn T Lewis's *pro se* Motion for Release (Case No. 18-cr-225, Doc. No. [139]; Related Case No.19-cr-137, Doc. No. [27]) is respectfully **DENIED**.

Date:  August 25, 2020                                       s/Donovan W. Frank
                                                             DONOVAN W. FRANK
                                                             United States District Judge

---

community.  *See* 18 U.S.C. § 3582(c)(1)(A); Statement.  This being said, the Court commends Lewis for his commitment to rehabilitation, and encourages him to keep up the good work.